**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARILYN A. WALTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-918-RWS |
| SECRETARY OF VETERANS : | |
| AFFAIRS, BANK OF AMERICA, : | |
| N.A., as successor by merger to : | |
| BAC HOME LOANS : | |
| SERVICING, LP, and : | |
| DEUTSCHE BANK NATIONAL : | |
| TRUST COMPANY f/k/a : | |
| BANKERS TRUST COMPANY : | |
| OF CALIFORNIA, N.A., : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court on: (1) Defendant Bank of America, N.A. and Deutsche Bank National Trust Company's (collectively "Bank Defendants") Motion to Dismiss [3], (2) Movant CitiMortgage, Inc.'s Motion to Dismiss [10]; and (3) Defendant Secretary of Veterans Affairs's Motion to Dismiss [14]. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff Walton brings this action to quiet title on her property, located at

4605 Wonder Valley Trail, Decatur, Georgia 30034 (the "Property").  (Compl., Dkt [1-1].)  It appears, based on the few facts presented to this Court, that on September 25, 1998, Plaintiff executed a promissory note in the amount of $90,187.50 and security deed in favor of the Secretary of Veterans Affairs to secure a mortgage on the Property. [1-1, Ex. B and E].   The security deed was then assigned to Bankers Trust Company of California, N.A. ("Bankers Trust") on February 25, 1999. [1-1, Ex. G].

Plaintiff Walton filed this action in Dekalb County Superior Court on February 15, 2013.  Although it is difficult to decipher, Plaintiff's claim for quiet title appears grounded on the theories that the assignment of her security deed and the securitization of her note discharged her debt.  Asserting diversity jurisdiction, Bank Defendants then removed the action to this Court on March 22, 2013, and Bank Defendants filed their Motion to Dismiss [3] on March 29, 2013.  On April 17, 2013, Plaintiff filed a Response to Bank Defendants' Motion to Dismiss, asserting new allegations, including violations of the Truth in Lending Act ("TILA"), conspiracy, and estoppel/waiver. [4 at 9-11].  Bank Defendants filed a Reply on May 6, 2013, arguing that Plaintiff's amended

2

claims were not properly before the court and that all Plaintiff's claims should be dismissed under Rule 12(b)(6). [6 at 2-3].

On June 19, 2013, CitiMortgage, Inc. filed a Rule 12(b)(6) motion to dismiss, arguing that Plaintiff's claim should be dismissed as to CitiMortgage because Plaintiff makes no allegations against CitiMortgage, nor names CitiMortgage as a defendant. [10]    Finally, the Secretary of Veterans Affairs filed a motion to dismiss pursuant to Rules 12(b)(1), (5) and (6) and (h)(3) on August 22, 2013. [14].

## Discussion

### I. Motions to Dismiss

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (stating "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of

3

'further factual enhancement'"). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Investor Group v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999)). However, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Finally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th

4

Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

B.  Analysis

1.  Bank Defendants' Motion to Dismiss Quiet Title Complaint

Plaintiff's claim for quiet title appears grounded on the theories that assignment of her security deed and securitization of her note discharged her debt [1-1, ¶¶ 16-30]. Bank Defendants argue that Plaintiff's complaint should be dismissed because: (1) Plaintiff lacks standing to challenge the assignment of her security deed and furthermore, assignment of the security deed did not discharge Plaintiff's debt; and (2) Georgia courts reject Plaintiff's allegation that securitization of a loan somehow discharges the underlying debt. The Court addresses each argument below.

First, Plaintiff argues that she is entitled to quiet title because the assignment of her Security Deed "divested Defendant Secretary of Veterans Affairs, of any interest" in her property, and that DeutscheBank (f/k/a Bankers Trust Company of California), as assignee of the security deed, has "absolutely

5

no authority to demand payment from the Plaintiff as if it were the Note Holder." (Compl., Dkt [1-1] ¶¶ 23, 29.)

Bank Defendants argue that mere assignment of a security deed does not discharge Plaintiff's loan obligations, and the Security Deed was properly assigned, along with the right to collect Plaintiff's loan payments. [3 at 8-9]. As Bank Defendants argue, "[s]ecurity deeds and other mortgage loans are transferrable by way of assignment in Georgia." Woodberry v. Bank of America, N.A., 2012 WL 113658, at *2 (N.D.Ga., Jan. 12, 2012) (citing O.C.G.A. § 44-14-64). Plaintiff does not identify any language in her security deed prohibiting assignment by the Secretary of Veterans Affairs, and furthermore, the Security Deed expressly grants rights to the Secretary of Veterans Affairs and "his successors and assigns." [1-1, Ex. B]

By virtue of the assignment, Defendant Secretary of Veterans Affairs transferred the "right, title and interest" under the Security Deed to Bankers Trust (n/k/a Deutschbank).[1]  Under Georgia law, the security deed assignee "may exercise any power therein contained." O.C.G.A. § 23-2-114. Therefore,

---

[1] The assignment expressly included "the property therein described, the indebtedness and the note(s) thereby secured." Id.

6

Plaintiff's claim that she is entitled to quiet title because the assignment discharged her loan obligations fails as a matter of law.

Bank Defendants further argue that Plaintiff lacks standing to challenge the validity of the assignment. [3 at 11]. The Court agrees. A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract. See O.C.G.A. § 9-2-20(a) (stating that "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent"); Joseph v. Fed. Home Loan Mortg. Corp., No. 1:12-CV-1022-RWS, 2012 WL 5429639, at *2 (N.D. Ga. Nov. 6, 2012) (finding plaintiff could not support claim for wrongful foreclosure by challenging assignment of the security deed because she was not a party to the contract and lacked standing to challenge validity of the assignment). Here, Plaintiff may not challenge the assignment's validity because she was not a party to the assignment or an intended third-party beneficiary.

Plaintiff further alleges that she was relieved of her obligation to repay the loan because her loan was securitized. [1-1 at ¶ 25]. Specifically, Plaintiff alleges that "[t]he obligation reflected by the note allegedly secured by the

7

Secretary of Veterans Affairs has been satisfied in whole or part because the investors who furnished the funding for the loan have been paid to the degree that extinguishment of the debts has occurred with the results that there exist no obligations." Id. Bank Defendants argue that Plaintiff's bare allegation of securitization, without more, fails to state a claim for relief. [3 at 11-12].

Accepting as true Plaintiff's allegation regarding securitization, Plaintiff was not relieved of her loan obligations by virtue of the securitization of her Note. Montoya v. Branch Banking & Trust Co., 2012 WL 826993, at *6 (N.D.Ga., Mar. 9, 2012) (rejecting plaintiff's argument that securitization of loan relieved plaintiff of her obligation to repay the loan and finding allegation regarding securitization failed to state a claim for relief). The Court thus finds that Plaintiff's allegation regarding securitization fails to state a claim for relief.

Bank Defendants argue that "[t]o the extent Plaintiff also alleges that the securitization rendered the Security Deed unenforceable because it created a split between the Note and Security Deed (Compl. at ¶¶ 23, 25), this 'splitting' claim has been soundly rejected." [3 at 12]. The Court agrees. As Bank Defendants argue, Plaintiff's "split-the note" claim has been rejected by this Court and the Georgia Supreme Court. See Montoya v. Branch Banking &

8

Trust Co., 2012 WL 826993, at *5 (N.D.Ga., Mar. 9, 2012)  (finding "any and all claims arising out of the Note and Security Deed being 'split' fail as a matter of law"); see also You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013)(finding that the "holder of a deed to secure debt is authorized to exercise the power of sale in accordance with terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed").

As discussed above, mere assignment of the security deed and securitization of her note are not grounds for relief.  Because Plaintiff's complaint for quiet title does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, it cannot withstand Bank Defendant's Motion to Dismiss.  Accordingly, Bank Defendant's Motion to Dismiss is **GRANTED,** and Plaintiff's Complaint for Quiet Title is **DISMISSED.**

### 2. New Allegations Raised in Response to Motions to Dismiss

In Responses to Motions to Dismiss, Plaintiff argues that this Court should not dismiss her complaint because Defendants are guilty of conduct including violating the Truth in Lending Act, Fair Credit Debt Act, Real Estate

9

Settlement Procedure Act, and Fair Debt Collections Practice Act, conspiracy, estoppel/waiver, and wrongful foreclosure. (See, e.g., [4 at 9-12; 11 at 3; 13 at 10-11]) Bank Defendants argue that these new claims are not properly before this Court because a party may not amend her complaint by introducing additional facts and evidence in opposition to a motion to dismiss.[2] [6 at 7].

The Court agrees that the proper procedure to add claims is to file an amended complaint. Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly"). See also Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

The Court notes, with concern, that Plaintiff has attached a purported payment in the amount of $77,288.98, and her responses allege that this payment was accepted by Defendants to discharge the associated debt. [1-1 at 52 of 55; 4 , Ex. G]. It is unclear if Plaintiff's new claims are premised on this

---

[2]Bank Defendants also argue that these new claims fail as a matter of law. Thecourt will defer such a ruling until such time, if any, that Plaintiff files an amended complaint and defendants have had an opportunity to respond to all potential claims.

10

alleged satisfaction of debt. If so, Defendants should be afforded an opportunity to understand and respond to allegations and claims made against them. Cf. Beckwith v. Bellsouth Telcoms., Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading'.... [B]ecause 'shotgun' pleadings present an unfair burden on a defendant, the plaintiff should be required to provide a more definite statement of his complaint") (citations omitted).

Accordingly, Plaintiff is **DIRECTED** within fourteen (14) days of this Order to file an amended complaint in which she sets forth her particular factual allegations and claims for relief. Cf. Figueroa v. JP Morgan, No. 1:09-CV-1874 (N.D. Ga. Feb. 16, 2010)(directing plaintiff to replead her amended complaint, which constituted a "shotgun pleading"). Plaintiff is hereby instructed that while she will be afforded the liberal construction for pleadings permitted pro se parties, this Court cannot rewrite an otherwise deficient complaint. Plaintiff must satisfy the Federal Rules of Civil Procedure, particularly Rules 8(a) and 12(b)(6) and provide enough facts pertaining to her particular complaint to show this Court that she is entitled to the relief she requests and permit

11

Defendants an opportunity to understand and respond to allegations made against them.

## Conclusion

Based on the foregoing, Bank Defendants' Motion to Dismiss Plaintiff's Quiet Title Complaint is hereby **GRANTED** [3].  Plaintiff is **DIRECTED,** within fourteen (14) days of this Order, to file an amended complaint consistent with this opinion.  In accordance with the foregoing, Movant CitiMortgage, Inc.'s Motion to Dismiss [10] and Defendant Secretary of Veterans Affairs's Motion to Dismiss [14] are **DENIED as moot**.  Following Plaintiff's filing of an amended complaint, Defendants may reassert their arguments and file renewed motions to dismiss as appropriate.  If Plaintiff does not file an amended complaint within fourteen (14) days of this Order, the Clerk shall close this case.

**SO ORDERED**, this  27th  day of February, 2014.

_____
**RICHARD W. STORY**
United States District Judge