# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MARILYN A. WALTON,                        :
                                          :
      Plaintiff,                  :
                                          :
v.                                        :    CIVIL ACTION NO.
                                          :    1:13-CV-00918-RWS
SECRETARY OF VETERANS                     :
AFFAIRS, BANK OF AMERICA,                 :
N.A., as successor by merger to           :
BAC HOME LOANS                            :
SERVICING, LP, and                        :
DEUTSCHE BANK NATIONAL                    :
TRUST COMPANY f/k/a                       :
BANKERS TRUST COMPANY                     :
OF CALIFORNIA, N.A.,                      :
                                          :
      Defendants.                 :

## ORDER

This case comes before the Court on Defendants Bank of America, N.A. and Deutsche Bank National Trust Company's Motion to Dismiss [18], Defendant Secretary of Veterans Affairs's Motion to Dismiss Amended Complaint [19], and Plaintiff's Motion to Strike Sally Quillian Yates & R. David Powell Motion to Dismiss Amended Complaint and Memorandum of Law in Support of Their Motion to Dismiss [20]. After considering the Record, the Court enters the following Order.

**Background**

This case arises out of a mortgage loan on residential property located at 4605 Wonder Valley Trail, Decatur, Georgia 30034 (the "Property"). It appears, based on the facts presented to this Court, that on September 25, 1998, Plaintiff purchased the Property from the Department of Veterans Affairs (the "VA") and executed a promissory note in the amount of $90,187.50 and security deed in favor of the Secretary of Veterans Affairs to secure a mortgage on the Property. (Dkt. [1-1], Ex. B and E.) The security deed was then assigned to Bankers Trust Company of California, N.A. ("Bankers Trust") on February 25, 1999. (Dkt. [1-1], Ex. G.)

Walton applied to Defendant Bank of America, N.A. ("BANA") for a loan modification; her application was denied. (Am. Compl., Dkt. [17] ¶¶ 47, 84.) In 2014, BANA communicated with Plaintiff about loan modifications and foreclosure prevention alternatives. (Id. at 27-36.)

Plaintiff filed this quiet title action in Dekalb County Superior Court on February 15, 2013. Asserting diversity jurisdiction, Bank Defendants then removed the action to this Court on March 22, 2013, and Bank Defendants filed

their Motion to Dismiss [3] on March 29, 2013. CitiMortgage, Inc. [10] and the Secretary of Veterans Affairs [14] also moved to dismiss.

On February 27, 2014, the Court granted the Bank Defendants' Motion to Dismiss Plaintiff's Quiet Title Complaint [16]. The Court directed Plaintiff to file an amended complaint consistent with the Court's opinion and order, and denied Defendants the Secretary of Veterans Affairs's and CitiMortgage's motions to dismiss as moot. Plaintiff filed an Amended Complaint [17] on March 12, 2014. Defendant the Secretary of Veterans Affairs [19] and Defendants Bank of America and Deutsche Bank National Trust Company [18] each move to dismiss Plaintiff's Amended Complaint. Plaintiff filed a Motion to Strike Sally Quillian Yates & R. David Powell Motion to Dismiss Amended Complaint and Memorandum of Law in Support of Their Motion to Dismiss [20] ("Motion to Strike"). The Court considers each Motion below.

## Discussion

## I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual

allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

AO 72A
(Rev.8/82)

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also FED. R. CIV. P. 12(d). However, documents attached to a complaint are considered part of the complaint. FED. R. CIV. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

Finally, because Plaintiff is acting pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite

5

an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II. Defendants Bank of America, N.A. and Deutsche Bank National Trust Company's Motion to Dismiss [18]

Defendants Bank of America, N.A. ("BANA") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Bank Defendants") move to dismiss Plaintiff's Amended Complaint on the grounds that it is an impermissible shotgun pleading and that it fails to state a claim upon which relief may be granted. ("Bank Defs.' Mot. to Dismiss," Dkt. [18].)

Bank Defendants first argue that the Amended Complaint constitutes an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions."

6

Osahar v. U.S. Postal Service, 297 Fed. App'x 863, 864 (11th Cir. 2008).  The

Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for

"imped[ing] the administration of the district courts' civil docket."  PVC

Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th

Cir. 2010).  Indeed, shotgun pleadings require the court to sift through rambling

and often incomprehensible allegations in an attempt to separate the meritorious

claims from the unmeritorious, resulting in a "massive waste of judicial and

private resources."  Id. (citation omitted).  The Eleventh Circuit thus has

established that shotgun pleading is an unacceptable form of establishing a

claim for relief.  Strategic Income Fund, 305 F.3d at 1296.

The Court finds that Plaintiff's Amended Complaint is not subject to

dismissal as a shotgun pleading.  Plaintiff is acting *pro se* and her claims are,

with careful reading, sufficiently comprehensible to put Defendants on notice of

the claims leveled against them.  The Court next considers whether the

Amended Complaint is otherwise subject to dismissal.

Bank Defendants also move to dismiss the Amended Complaint under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief may be granted.  Bank Defendants argue that Plaintiff's claims fail as a

AO 72A
(Rev.8/82)

matter of law because they are erroneous, improperly pled, and fail to state a cognizable claim.  (Bank Defs.' Mot. to Dismiss, Dkt. [18] at 8.)

First, Bank Defendants argue that Plaintiff has not shown an "actual controversy" with respect to her request for a declaratory judgment that Defendants "are not entitled to pursue foreclosure whether judicial or non-judicial against [the Property]" (Count I).  (See Am. Compl., Dkt. [17] ¶¶ 57-61.)  Defendants claim that no immediate controversy necessitates resolution, and moreover, that foreclosing entities may lawfully exercise the power of sale contained in a security deed regardless of whether the entity has an interest in the underlying promissory note.  Additionally, Plaintiff seeks an injunction (Count II) enjoining all Defendants from initiating or continuing a foreclosure proceeding.  (See id. ¶¶ 62-65.)

The Court agrees that on these Counts, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff does not identify any language in her security deed prohibiting assignment by the Secretary of Veterans Affairs, and furthermore, the Security Deed expressly grants rights to the Secretary of Veterans Affairs and his successors and assigns.  (Dkt. [17] at 15.)  By virtue of the assignment, Defendant Secretary of Veterans Affairs transferred the "right,

8

title and interest" under the Security Deed to Bankers Trust, now known as Deutsche Bank. "Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013). Additionally, "nothing in Georgia law requires that an assignee of a security deed granting the right to foreclose must also hold the note before initiating foreclosure proceedings." Larose v. Bank of Am., N.A., 740 S.E.2d 882, 883 (Ga. Ct. App. 2013). Accordingly, the Court agrees that Plaintiff has failed to state a claim upon which relief may be granted in Counts I or II, and those counts are **DISMISSED**.

Next, Bank Defendants argue that because Plaintiff's Quiet Title claim has been previously dismissed by this Court, the Quiet Title claim in Count III should again be dismissed. The Court agrees. For the reasons stated in the Court's Order Granting Bank Defendants' Motion to Dismiss Plaintiff's Quiet Title Complaint [10], Count III is **DISMISSED**.

The Bank Defendants also argue that Plaintiff's Count IV (Violation of Duty of Good Faith and Fair Dealing and Promissory Estoppel and Conspiracy)

should be treated as a claim for promissory estoppel and dismissed.  Because

Plaintiff enumerates a separate cause of action for Civil Conspiracy ("Count

V"), the Court will construe Count IV as asserting a claim based on promissory

estoppel. (See Am. Compl., Dkt. [17] ¶¶ 84-86.)

> A successful claim of promissory estoppel requires Plaintiff to establish:
>
> (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

Sierra Craft, Inc. v. T.D. Farrell Constr., Inc., 638 S.E.2d 815, 820 (Ga. Ct.

App. 2007) (quoting Rental Equip. Grp. Inc v. MACI, LLC, 587 S.E.2d 364,

367 (Ga. Ct. App. 2003)). The doctrine only applies to "promise[s] which the

promisor should reasonably expect to induce action or forbearance on the part

of the promisee." O.C.G.A. § 13-3-44.  Such a promise, however, "must be of

such a character as to be capable of enforcement against the party making it, as

otherwise neither party will be bound." McMurray v. Bateman, 144 S.E.2d

345, 353 (Ga. 1965) (quoting McCaw Mfg. Co. v. Felder, 41 S.E. 664, 666 (Ga.

1902)).

10

The Court finds that Plaintiff has failed to allege sufficient facts to support a promissory estoppel claim.  Plaintiff claims that "Defendants ha[ve] made promises to Plaintiff that are unfulfilled," and that "Plaintiff applied for a modification two times and was denied at the last moment."  (Am. Compl., Dkt. [17] ¶ 84.)  But the Court finds that these threadbare allegations are not sufficient to satisfy the elements of promissory estoppel.  As such, Count IV is **DISMISSED**.

Next, Bank Defendants move to dismiss Plaintiff's Civil Conspiracy claim (Count V), arguing that Plaintiff has not demonstrated the existence of an underlying predicate tort.  (Bank Defs.' Mot. to Dismiss, Dkt. [18] at 15.)

"A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." Mustaqeem-Graydon v. Suntrust Bank, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002) (quoting First Fed. Sav. Bak v. Hart, 363 S.E.2d 832, 833 (Ga. Ct. App. 1987)). "To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." Id. But, "[w]here civil liability for a conspiracy is sought to be imposed, the conspiracy itself furnishes no cause of action. The gist of the action is not the

conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done." Jones v. Spindel, 147 S.E.2d 615, 616 (Ga. Ct. App. 1966). When alleged, a conspiracy may be pleaded in general terms. Id.

The Court finds that Plaintiff's allegations in support of a civil conspiracy are conclusory and subject to dismissal under Rule 8(a). Additionally, while Plaintiff bases her conspiracy allegations on a general "conspiracy to defraud," she does not plead an underlying claim of fraud, and Georgia law provides no independent cause of action for conspiracy. As such, Count V fails to state a claim upon which relief may be granted, and is also subject to dismissal under Rule 12(b)(6). Accordingly, Count V is **DISMISSED**.

Finally, because the Court has dismissed all other Counts and because Plaintiff is proceeding pro se, the Court finds that she is not entitled to relief on Count VI (For Attorneys Fees and Legal Expenses). As such, Count VI is **DISMISSED**.

## III. Defendant Secretary of Veterans Affairs's Motion to Dismiss [19] and Plaintiff's Motion to Strike [20]

Plaintiff, in her Motion to Strike, claims that Sally Quillian Yates, U.S.

Attorney, and R. David Powell, Assistant U.S. Attorney, unlawfully acted in representing Defendant Secretary before the Court. (Pl.'s Aff. and Br. Memo. to the Ct. and Honorable Judge, Dkt. [20-1] ¶ 13.) As an initial matter, the Court **DENIES** Plaintiff's Motion to Strike [20]. Ms. Yates, as the U.S. Attorney for the Northern District of Georgia, and Mr. Powell, as an Assistant U.S. Attorney for the Northern District of Georgia, have clear authority to represent the United States government under 28 U.S.C. § 541 *et seq.* The Court now construes Plaintiff's Motion as a Response to Defendant Secretary's Motion to Dismiss.

Defendant Secretary of Veterans Affairs ("Secretary") moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), (6), and (h)(3), claiming that the Court does not have subject matter jurisdiction, that Plaintiff has failed to serve process, and that the Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff, in her Motion to Strike, argues that her Amended Complaint has met the pleading standards required by the Federal Rules. (See, e.g., id. ¶¶ 34-35.) Defendant Secretary responds to Plaintiff's Motion both as a Response in Opposition to

Plaintiff's Motion to Strike [21] and as a Reply in Support of Motion to Dismiss [22].

The Court now considers whether it has subject matter jurisdiction to hear Plaintiff's claims against Defendant Secretary. Federal Rule of Civil Procedure 12 provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). Defendant Secretary argues that this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity.

As an initial matter, the Court agrees with Defendant Secretary that because the Department of Veterans Affairs is an agency of the United States, and because Plaintiff names Defendant Secretary in his official capacity, this case presents a question of sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."). Under the doctrine of sovereign immunity, the United States is immune from suit except to the extent that immunity has been expressly waived by statute. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The United States can be sued

only by its permission, and only by procedures set forth by Congress. <u>United States v. Dalm</u>, 494 U.S. 596 (1990); <u>Lehman</u>, 453 U.S. at 160; <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). Thus, absent an express statutory waiver, a court lacks subject matter jurisdiction to entertain an action against the United States, and the action must be dismissed. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941).

Any lawsuit against the United States must be brought in compliance with a specific statute that expressly waives sovereign immunity. <u>Testan</u>, 424 U.S. at 399. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. <u>Soriano v. United States</u>, 352 U.S. 270 (1957). The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. <u>Sherwood</u>, 312 U.S. 584, 586 (1941).

Because the party asserting jurisdiction bears the burden, Plaintiff here must show that the claim asserted is covered by a specific statutory authorization to sue the United States, or that in effect the suit does not operate as one against the United States. <u>See</u> <u>Thomson v. Gaskill</u>, 315 U.S. 442, 446 (1942). The Court finds that Plaintiff has failed to meet this burden. Plaintiff

15

has not pled her claims pursuant to any statute that would allow suit against the United States, the Department, or the Secretary.  Accordingly, all claims against Defendant Secretary are **DISMISSED** for lack of subject matter jurisdiction.

### Conclusion

For the foregoing reasons, Defendants Bank of America, N.A. and Deutsche Bank National Trust Company's Motion to Dismiss [18] and Defendant Secretary of Veterans Affairs's Motion to Dismiss Amended Complaint [19] are **GRANTED**.  Plaintiff's Motion to Strike Sally Quillian Yates & R. David Powell Motion to Dismiss Amended Complaint and Memorandum of Law in Support of Their Motion to Dismiss [20] is **DENIED**. The Clerk shall close the case.

**SO ORDERED**, this   15th   day of October, 2014.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)